LACKAWANNA STEEL CO. v. PIONEER S. S. CO. et al.

(Supreme Court, Trial Term, Erie County.    September, 1910.)

1. NEW TRIAL (§ 40*)—DUTY TO GRANT.
    The trial court must grant a new trial where the case was submitted to the jury on an erroneous theory, though no exception was taken on the trial to the charge.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 65, 66; Dec. Dig. § 40.*]

2. WHARVES (§ 20*)—DUTY OF WHARFINGER.
    A wharfinger must use reasonable care to keep his dock reasonably safe for use by vessels for whose use he holds it out, and must exercise reasonable diligence to ascertain the condition thereof, and where there is any dangerous obstruction must remove it, or give notice of its existence to vessels using the dock; and where he fails to do so he is guilty of negligence, and liable to persons who, using care, are injured in consequence thereof.
    [Ed. Note.—For other cases, see Wharves, Cent. Dig. §§ 35–43; Dec. Dig. § 20.*]

3. WHARVES (§ 22*)—DUTY OF WHARFINGER.
    The rule that a wharfinger must use reasonable care to keep his dock reasonably safe for use by vessels which he invites to it measures the extent of his duty, when he seeks to recover for injuries to his dock or appurtenances inflicted by a negligently maneuvered vessel.
    [Ed. Note.—For other cases, see Wharves, Cent. Dig. § 7; Dec. Dig. § 22.*]

4. WHARVES (§ 22*)—DUTY OF WHARFINGER.
    An owner of a dock, who maintains his ore unloader on the dock, with the outer end of the girder of the unloader extended over the dock line 14 inches, within the space devoted to the use of vessels, and likely to be hit by them, is not guilty of negligence precluding a recovery for injuries occasioned by a vessel hitting the girder, where by the exercise of ordinary care by the officers of the vessel they would have discovered the obstruction; but he is guilty of negligence precluding a recovery where the overhanging girder would not have been discovered by such care.
    [Ed. Note.—For other cases, see Wharves, Dec. Dig. § 22.*]

Action by the Lackawanna Steel Company against the Pioneer Steamship Company and another. On motion for new trial on the court's minutes, after verdict of no cause of action. Denied.

Louis L. Babcock and Evan Hollister, for the motion.

George Clinton and S. H. Holding, opposed.

BROWN, J. The defendant's steamboat, while being moved from plaintiff's dock, collided with plaintiff's ore unloader, which was standing on the dock, overturning the unloader, and causing the damages complained of. The outer end of the principal girder of the unloader extended over the dock line 14 inches, and the forecastle bulwarks of the steamer collided with this extension as the steamer was moved along the dock. The case was submitted to the jury upon the theory that the question as to whether the plaintiff was guilty of contributory negligence in constructing and maintaining its ore unloader with the 14 inches overhang over the dock line was for the jury. The jury were charged that if the 14 inches overhang "was

so constructed that it was not likely to have been seen by careful, prudent persons, a careful, prudent navigator, and damage resulting from a collision of a part of a vessel with it was not apparent, and you can say from the evidence that the officers of the steamer could not have been expected to have seen it under the circumstances, or to have known of it by the exercise of ordinary care on their part," then there was contributory negligence on the part of the plaintiff; but if "the projection was of such a character that, in the exercise of ordinary care in the particulars that I have stated, the officers of the steamer would have discovered that it would be dangerous by reason of this extended girder to move the steamer as she was moved along the dock that night, then the plaintiff was not guilty of contributory negligence."

This charge is now claimed by the plaintiff to have been erroneous, and, while no exception was taken upon the trial, the plaintiff invokes the benefit of the rule that the trial court is charged with the duty of granting a new trial in the absence of an exception when the case has been submitted to a jury upon an erroneous theory; the contention of the plaintiff being that as a matter of law the plaintiff could not be held guilty of contributory negligence, that it had a right to construct and maintain its ore unloader with the overhang of 14 inches, that the defendants were bound to take notice of its actual condition, that plaintiff was not called upon to notify defendants of any overhang beyond the dock line, that the overhang had been maintained in its then actual condition for years, that the dock was plaintiff's private property, and that it had a right to maintain the overhang, of which all boats using the dock were bound to take notice. Such contention cannot be upheld. It has been held by every available authority to be the duty of a wharfinger to use reasonable and ordinary care to keep his wharf or dock in such a state as to be reasonably safe for use by vessels which he invites to it, or for whose use he holds it out. If he fails to use reasonable care—if there is a defect or condition known to him, or which by the use of ordinary care and diligence should be known to him—he is guilty of negligence, and liable to the persons who, using care, are injured thereby. He is bound to exercise reasonable diligence in ascertaining the condition of the wharf, the dock, and its appurtenances, and if there is any dangerous obstruction to remove it, or to give due notice of its existence to vessels using the wharf.

While it is true that these obligations of a wharfinger have been established in actions against him by owners of vessels for injuries received, yet it must be assumed that the same degree of care measures the extent of his duty when he is seeking to recover for injuries to his wharf or its appurtenances inflicted by a negligently maneuvered vessel. Such being the obligations of the plaintiff in maintaining its dock, it is difficult to see why the question whether the overhanging end of the girder over the dock line was rightfully in place was not exclusively for the jury's determination. It was within the space devoted to the use of boats; that is, it hung out over the water. It was where it would likely be hit by a boat high enough to reach it. It was in fact hit by the steamer while the steamer and all its parts were

on its side of the dock line. The point of collision was 7 inches from its end and 7 inches from the dock line. It became important to know whether it was wrongfully or rightfully in place. It was rightfully in place, provided it could have been discovered by the exercise of ordinary care by the steamer's officers. It was wrongfully in place provided such care on the part of the officers could not have discovered it. If it was so constructed and placed that ordinary care on the part of the defendants could not have discovered it, it then became the proximate cause of the collision, and plaintiff became chargeable with contributory negligence, irrespective of the question of how long it had been maintained.

It necessarily follows that the jury was correctly charged that the plaintiff would not be guilty of contributory negligence if by the exercise of proper care on the part of the defendants the overhanging girder could have been discovered, and that the plaintiff could not recover provided the overhanging girder could not have been discovered by such care. There was much testimony bearing upon the question whether the defendants used any care to ascertain the condition and location of the girder over the dock line, and from such testimony it became a question of fact for the jury to determine whether the defendants ought to have known of this overhang and avoided it. The weight of the evidence on this question does not seem to indicate that the jury was not warranted in rendering the verdict.

Motion denied.